IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES MCALPHIN,                                                                                                                         PLAINTIFF
ADC #88328

v.	5:18CV00213-DPM-JTK

KENNETH HOLDER, et al.	DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, while you file your written objections, include the following:

1.	Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The detail of any testimony desired to be introduced at the hearing before the

1

District judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff James McAlphin is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs and medical negligence in violation of Arkansas law. Defendants Christopher, Taylor, Carroll, Arkansas Department of Correction, Payne, Stevens, Shipman, and McHan were dismissed on November 14, 2018 (Doc. No. 19), Defendants Mansfield, Bland, and Woods were dismissed on March 15, 2019 (Doc. No. 40), and Defendant CCS was dismissed on September 19, 2019 (Doc. No. 77).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support and Statement of Facts filed by remaining Defendants Kenneth Holder and Ronald Stukey (Doc. Nos. 87-89). Plaintiff filed a Response, Brief, and Statement of Facts (Doc. Nos. 98-100) and Defendants filed a Reply and Response to Plaintiff's Statement of Facts (Doc. Nos. 102-103).

### II.   Claims

The claims remaining in this case have been limited to those exhausted by Plaintiff through

the ADC administrative remedy procedure: Defendant Holder's failure to refer Plaintiff for a CT scan in August 2016, and Defendant Stukey's failure to prescribe Plaintiff a shower chair in May 2017. (Doc. No. 77)

### III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.  Defendants' Motion

#### 1)    Defendant Holder

In grievance VSM 17-1242, Plaintiff complained that Defendant Dr. Holder failed to refer him for a CT scan in August 2016 after the results of a lumbar spine x-ray stated a finding of degeneration and recommended a CT scan if concern existed of an acute fracture. (Doc. No. 61-1,

3

pp,. 92-95) According to Plaintiff's medical records, non-party APRN Drummond saw Plaintiff on June 21, 2016 for back pain management and other issues; his physical exam of Plaintiff's back was within normal limits and he noted the complaints as subjective. (Doc. No. 89-1, pp. 1-2) He prescribed an increased dose of Gabapentin for pain. (Id.; Doc. No. 89-3) Another non-party, APRN Campbell, saw plaintiff on July 15, 2016 for lower back pain management, at which time Plaintiff denied an acute injury or trauma and described a pulling sensation. (Doc. No. 89-1, p. 3; Doc. No. 89-3) Campbell did not observe supportive objective findings, told Plaintiff to remain on his current medication, and ordered an x-ray. (Doc. No. 89-1, p. 3) The x-ray was taken on July 31, 2016, and the radiologist concluded mild to moderate arthritis of Plaintiff's lumbar spine, multilevel disc disease, and noted that the provider had the option of correlating with a CT for greater detail as deemed indicated, if there was on ongoing concern for an acute fracture. (Doc. No. 89-1, p. 4; Doc. 89-3) When Defendant Holder saw Plaintiff on August 2, 2016, Plaintiff could perform straight-leg raises during the exam without issue, and no other objective finding indicated a serious medical need at the time. (Doc. No. 89-1, p. 5; Doc. No, 89-3) Holder determined Plaintiff did not need follow-up imaging and that Plaintiff's pain was due to arthritic, degenerative changes. (Id.) Finally, Holder gave Plaintiff exercise suggestions and determined Plaintiff was taking sufficient pain medication. (Id.)

In his Declaration, Holder stated that his decision not to order a CT scan was based on the lack of "acute injury or trauma" and that Plaintiff's complaints "seemed more muscular and arthritic." (Doc. No. 89-3, pp. 1-2) In addition, he noted he provided Plaintiff with pain medication prescriptions and suggestions for exercises, and Plaintiff could follow up with sick call as needed. (Id., p. 2)

4

Following a review of Plaintiff's medical records, Dr. Melanie Jones, Medical Director at the Wrightsville Unit of the ADC, agreed with Defendant Holder's assessment. (Doc. No. 89-4, p. 1) She concluded Holder provided Plaintiff appropriate care and treatment for his back-pain complaints and did not harm Plaintiff by his professional medical decisions. (Id., p. 2)

### 2)      **Defendant Stukey**

Plaintiff complained in grievance VSM 17-1718 that Defendant Stukey failed to order a shower chair for him in May 2017, despite his complaints of trouble walking and standing at times. (Doc. No. 61-1, pp. 99-101) Plaintiff's medical records indicate that he submitted a sick call on February 7, 2017 about issues unrelated to his back and did not mention need for a shower chair. (Doc. 89-1, p. 6; Doc. 89-2) Dr. Stukey saw Plaintiff on February 9, 2017 for complaints of shoulder pain and a rash and did not note discussion of a shower chair during the visit. (Doc. No. 89-1, p. 7; Doc. 89-2) Plaintiff submitted another sick call request about neck pain and paper stuck in his ear on February 25, 2017, with no mention of a shower chair. (Doc. No. 89-1, p. 8; Doc. No. 89-2) Dr. Stukey saw Plaintiff on March 2, 2017 and noted that his Gabapentin was reordered and scheduled Plaintiff for removal of the paper from his ear. (Doc. No. 89-1, pp. 9-10; Doc. 89-2) Plaintiff did not request a shower chair at that time or when Stukey removed the paper from his ear on March 9, 2017. (Id.) On March 8, 2017, Plaintiff submitted a sick call about issues unrelated to his back and did not request a shower chair. (Doc. No. 89-1, p. 11; Doc, No. 89-2) The parties did not discuss a shower chair when Stukey saw Plaintiff on March 16, 2017 for unrelated issues. (Id.) Plaintiff submitted a sick call request on March 29, 2017 about back and neck pain and replacement of diabetic shoes. (Doc. No. 89-1, p. 13; Doc. No. 89-2) He did not request a shower chair, and on March 31, 2017, he refused a sick call visit relating to his request. (Doc. No. 89-1,

5

p. 14; Doc. No. 89-2) Plaintiff submitted a sick call on April 3, 2017 about back pain, but did not request a shower chair, and when non-party Hargrave saw him on April 10, 2017, he did not mention a shower chair. (Doc. No. 89-1, p. 16; Doc. No. 89-2) Dr,. Stukey saw Plaintiff on April 13, 2017 for diabetes, hypertension, asthma, and recorded Plaintiff's complaints of back aches and pains and others. (Doc. No. 89-1, pp. 17-20; Doc. No. 89-2) The parties did not discuss a shower chair. (Id.)

In his Declaration, Defendant Stukey stated that he never saw Plaintiff for a sick call relating to a request for a shower chair and did not see him after April 13, 2017. (Doc. No. 89-2, p. 1) Plaintiff did not present with any physical situation which would have required the use of a shower chair, and Stukey stated he saw no serious medical need about Plaintiff's back. (Id., p. 2) Dr. Jones also agreed with Dr. Stukey's assessment, after reviewing Plaintiff's medical records, and concluded Defendant provided him appropriate care and treatment. (Doc. No. 89-4, p. 2)

Based on this evidence, Defendants ask the Court to dismiss Plaintiff's claims against them for failure to show that they acted with deliberate indifference to his serious medical needs. Defendants also ask the Court to dismiss without prejudice Plaintiff's state law medical negligence claims against them.

### B.    Plaintiff's Response

Plaintiff states his medical records clearly show numerous visits and sick call requests relating to his back pain which created a professional duty for Defendant Holder to realize the necessity of a CT scan and the possibility of fracture involvement. In addition, Plaintiff states that Plaintiff's difficulty in walking to sick call should have alerted Dr. Stukey to a need for a shower chair and handicapped cell. He claims both Defendants acted with negligent malpractice and

deliberate indifference to his serious medical needs, especially considering the radiologist report of "degenerative osteophytic spurring." (Doc. No. 99, p. 4) He also states that he wrote letters to Defendant Stukey and the infirmary administrator and filed grievance VSM 17-01718 about the need for a shower chair. (Doc. No. 99, pp. 7, 11; Doc. No. 61-1, pp. 99-101)

**C.    Analysis**

To support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants acted with deliberate indifference to a serious medical need.   Farmer v. Brennan, 511 U.S. 825, 834 (1994).    However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.   Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).   See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."   Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).   In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.   Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).    Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care

7

provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

Plaintiff's complaint against Defendant Holder is based on Holder's medical judgment that the CT scan was not needed, given the x-ray result, the lack of injury or trauma, and a determination that Plaintiff's complaints were more muscular and arthritic. (Doc. No. 89-3, pp. 1-2) The medical records do not provide evidence in support of Plaintiff's claim that Holder's failure to order the scan was injurious to Plaintiff's health, or that his medical opinion was rendered with deliberate indifference to Plaintiff's serious medical needs. The records show that Plaintiff was provided pain medication and instructions for exercises and given the option to file sick calls when needed. Plaintiff's complaint against Hubbard clearly is based on his disagreement over the type of medical care and treatment and Defendant's refusal to implement Plaintiff's requested course of treatment. Therefore, the Court finds as a matter of law that Defendant Hubbard did not violate Plaintiff's Eighth Amendment rights.

Similarly, Plaintiff's complaint with Defendant Stukey concerns his disagreement over the lack of a shower chair. However, there also is no evidence in the record that Plaintiff requested a shower chair from Stukey, other than a letter he wrote on April 1, 2017 to Dr. Stukey and Mr. Kelley, the Infirmary Administrator. (Doc. No. 99, p. 11) There is no evidence Defendant Stukey saw this letter, and the medical records indicate that when Stukey saw Plaintiff for the last time on April 13, 2017, the issue was not raised or discussed. Again, Plaintiff disagreed with the failure to implement his supposed request for a shower chair, which does not rise to the level of deliberate indifference. Therefore, the Court finds as a matter of law that Defendant Stukey's actions did not violate Plaintiff's Eighth Amendment rights.

**D.    State Law Claim**

Given the Court's decision to dismiss Plaintiff's federal claims against Defendants, the Court should decline to exercise jurisdiction over Plaintiff's state law medical negligence claims against them. See McLaurin v. Prater, 30 F.3d 982, 984-94 (8th Cir. 1994), where the district court properly declined to exercise jurisdiction over the state law claims once summary judgment was granted on federal constitutional claims.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that the Motion for Summary Judgment filed by Defendants Holder and Stukey (Doc. No. 87) be GRANTED, that Plaintiff's constitutional claims be DISMISSED with prejudice, and the state law claims be dismissed without prejudice.

IT IS SO RECOMMENDED this 10th day of January, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE